UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN LOPEZ,

Plaintiff,

v.

M. ELIOT SPEARMAN,

Defendant.

Case No. 18-cv-01333-VC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 21

The motion to dismiss the amended petition is granted. Lopez's claim regarding the retroactive application of SB 620 is one of state law; he thus fails to allege that he suffered an "unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Lopez cannot "transform [his] state-law issue into a federal one merely by asserting a violation of due process" or equal protection. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *Pulley v. Harris*, 465 U.S. 37, 42 (1984). Moreover, even if an alleged misapplication of SB 620 could give rise to a federal claim, Lopez's claim wouldn't be successful here because SB 620 was applied correctly. *See People v. Hernandez*, 34 Cal. App. 5th 323, 326-27 (2019); *People v. Johnson*, 32 Cal. App. 5th 938, 941-42 (2019); *People v. Fuimaono*, 32 Cal. App. 5th 132, 135 (2019); *Chavez v. Baughman*, No. CV 18-08213-DOC (DFM), 2018 WL 5734654, at *1-2 (C.D. Cal. Oct. 28, 2018). And even if it wasn't, the allegedly erroneous application of state law wasn't so egregious as to amount to a federal due process violation. *See Pulley*, 465 U.S. at 41; *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995). The Equal Protection Clause is not implicated by this claim at all.

Lopez's original petition and the government's answer are deemed the operative

pleadings, and Lopez is ordered to file a traverse or reply within 30 days of this order.

**IT IS SO ORDERED.**

Dated: July 26, 2019

_____
VINCE CHHABRIA
United States District Judge